UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19-cv-00983-LCB-JLW

| | |
|---|---|
| DOMINIQUE MORRISON, SARA HAWES, CASSANDRA CHIARALUCE, and JONATHAN FONTAINE individually, and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| AQ TEXTILES LLC and CREATIVE TEXTILE MILLS PVT. LTD., | ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CLASS CERTIFICATION

## I.      STATEMENT OF THE NATURE OF THE MATTER

Pursuant to Local Civil Rules 6.1(a), 7.3(k), and 23.1(b), Plaintiffs Dominique Morrison, Sara Hawes, Cassandra Chiaraluce, and Jonathan Fontaine individually and on behalf of all others similarly situated, ("Plaintiffs") respectfully request an extension to file their motion for Class Certification until a new deadline providing sufficient time for the parties to conduct class certification discovery can be set after the court rules on the pending motion to dismiss and issues a Local Civil Rule 16.1 Initial Pretrial Order. Specifically, at this time and as discussed herein, the parties have not had an opportunity to conduct class certification discovery to determine which of the putative classes alleged should be certified or whether the class definitions need to be amended. In addition, the

failure to file a motion for class certification pursuant to Local Rule 23.1 was the result of excusable neglect and Defendants have not been prejudiced by any delay. Therefore, as discussed herein, Plaintiffs respectfully request an extension of the 90-day requirement to file a motion for class certification.

## II.     STATEMENT OF FACTS AND PROCEDURAL TIMELINE

On September 23, 2019, Plaintiffs Amy Hill and Dominique Morrison filed their initial complaint in this matter on behalf of three putative classes: a nationwide class of purchasers of Defendants' products that represented having a higher thread count than the actual thread count; a Missouri class of purchasers of Defendants' products that represented having a higher thread count than the actual thread count; and a North Carolina class of purchasers of Defendants' products that represented having a higher thread count than the actual thread count. (D.E. No. 1 ¶ 86). On November 21, 2019, Defendant AQ Textiles LLC ("AQ Textiles") filed a Motion to Dismiss. (D.E. No. 13-14).

Subsequently, on December 12, 2019, Plaintiffs filed an Amended Complaint to add additional Plaintiffs Sara Hawes, Cassandra Chiaraluce, and Jonathan Fontaine. In addition to seeking to certify an action on behalf of Nationwide class, a Missouri class, and a North Carolina class of purchasers of Defendants' products, the Amended Complaint also seeks to certify a class of purchasers in California, Massachusetts, and New Hampshire. (D.E. No. 15 ¶ 98)[1]. On January 9, 2020, AQ Textiles filed a Motion to Dismiss the Amended

---

[1] The Amended Complaint was initially filed on December 12, 2019, but the exhibits referenced in the Amended Complaint were inadvertently left off, and Plaintiffs filed a Corrected Amended Complaint with the exhibits on January 6, 2020 (D.E. No. 17).

Case 1:19-cv-00983-LCB-JLW   Document 26-1   Filed 07/23/20   Page 2 of 10

Complaint. (D.E. No. 18-19). On February 11, 2020, after reviewing a stipulation submitted by the parties, this Court entered an order dismissing Plaintiff Amy Hill's claims with prejudice. (D.E. No. 22). On March 2, 2020, Plaintiffs responded to AQ Textile's Motion to Dismiss. (D.E. No. 24). On March 16, 2020, AQ Textiles filed its reply in support of its Motion to Dismiss. (D.E. No. 25). Thus, as of March 16, 2020, AQ Textile's Motion to Dismiss has been fully briefed and is currently pending before this Court.

## III.   **QUESTION PRESENTED**

Pursuant to Local Civil Rules 6.1(a), 7.3(k), 23.1(b), should the deadline for moving for class certification be extended until after the Court issues an order on AQ Textiles' pending motion to dismiss, and, assuming some of the claims survive AQ Textiles' motion to dismiss, and the parties hold a Rule 26(f) conference and an Initial Pretrial Order can be entered identifying deadlines for motions for class certification?

## IV.   **ARGUMENT**

Local Rule 23.1(b) states that "the plaintiff shall file a separate motion for determination under Rule 23(c)(1)..." within 90 days of filing a complaint. However, Local Rule 23.1(b) also states that this time limitation may be modified by court order. *See* L.R. 23.1(b)(1) ("unless this period is extended by court order..."). Local Rule 23.1, as all local rules in this District, "shall be interpreted and applied ... to promote the just and prompt determination of all proceedings." L.R. 1.1. This District's Local Rules "vest the court with significant discretion in determining whether to extend the 90-day deadline". *Clark v. Wells Fargo Financial, Inc.*, 1:08CV343, 2008 WL 4787444 at *8 (M.D.N.C. Oct. 30, 2008). *See* Fed. R. Civ. P. 23(c(1)(A) (encouraging the determination of whether the matter can

3

proceed "[a]t an early practicable time after a person sues...") Indeed, the Ninth Circuit rejected a similar 90-day local rule as incompatible with Federal Rule 23 and Supreme Court precedent. *See ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) *quoting Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 388, 350-51 (2011) (finding that Rule 23's "flexible approach makes sense. The class action determination can only be decided after the district court undertakes a 'rigorous analysis' of the prerequisites for certification.")

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure "is a rule of general application giving wide discretion to the court to enlarge . . . time limits or revive them after they have expired." Notes of Advisory Committee of Rule (1946 Amendment). Rule 6(b)(1)(B) specifically provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The Rules Advisory Committee has noted that "Rule 6(b) itself contains no limitation of time within which the court may exercise its discretion, and since the expiration of the term does not end its power, there is now no time limit on the exercise of its discretion under Rule 6(b)." *Id*. The Fourth Circuit has noted that under 6(b), it is within the courts authority to recognize untimely filings and "implicitly to enlarge the restricted period." *Brickwood Contrs. v. Datanet Engineering*, 369 F.3d 385, 404 (4th Cir. 2004) (Luttig, J., concurring in part and concurring in the judgment).

In deciding whether to grant a motion for an extension of time on the ground of excusable neglect, the Court may consider (1) "the danger of prejudice to the [other party],"

4

(2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392, 113 S.Ct. 1489 (internal quotations omitted). *See also Gee v. Boyles et al.*, No. 1:10-cv-270, 2011 WL 666369 (W.D.N.C., February 11, 2011).

A.    <u>Good Cause Exists For Extending The Class Cert Deadline</u>

While Plaintiffs do not dispute that a motion for extension of time to file the motion for class certification should have been filed prior to the expiration of the initial 90 day period, the undersigned Plaintiffs' counsel inadvertently did not calendar the deadline. At the time that the initial deadline passed, the parties were in the process of amending the complaint and then focused on briefing the motion to dismiss. Plaintiffs' counsel respectfully requests that the deadline be extended so as not to prejudice the putative class members.

Further, good cause exists for extending the 90-day deadline until the Court enters the Initial Pretrial Order because, as the Court can see from the procedural history provided above, there is no question that the ninety (90) day deadline could not be met and no

substantive motion for class certification could have been filed. LR 23.1(b) reads in pertinent part as follows:

> Within 90 days after the filing of a complaint in a class action, unless the period is extended by court order, the Plaintiff shall file a separate motion for determination under Rule 23(c)(l), Fed.R.Civ.P., as to whether the case may be maintained as a class action. . . . Whenever possible, where it is held that the determination should be postponed, a date will be fixed by the Court for renewal of the motion.

The purpose of the ninety-day deadline is to assure a quick and efficient pathway to class certification. But no progress toward that goal could have been possible until the motions to dismiss is resolved and Plaintiffs have an opportunity to conduct discovery in this matter. **In light of this,** Plaintiffs could not file a substantive motion for class certification until the parties engaged in discovery to confirm that the proposed classes meet the requirements for Rule 23 of the Federal Rules of Civil Procedure.

As Plaintiffs, by Court order because discovery has not commenced, have been unable to seek discovery regarding the proposed classes, the determination of whether this matter should be maintained as a class action should be postponed until said motion can be heard by the Court on its merits. **The facts and circumstances of this case demonstrate** that the "determination should be postponed" and a date fixed after Defendants have answered the complaint, the parties have submitted a Rule 26(f) report, and an Initial Pretrial Order can be entered. S*ee Landress v. Tier One Solar LLC*, 243 F. Supp. 3d 633, 646 (M.D.N.C. 2017) (internal quotation and citation omitted) ("Proper use of this authority requires the court to exercise its judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's

6

docket."); *Marryshow v. Flynn*, 986 F.2d 689, 693 (4th Cir. 1993) ("[B]road discretion is given to the trial court to manage its docket.").

**B. Defendants Cannot Show Any Prejudice By Extending The Deadline For Class Certification.**

Pursuant to Rule 6(b)(1)(B), Plaintiffs' failure to request an earlier extension of time to file a motion for class certification should be excused pursuant to excusable neglect because Defendants cannot show any prejudice as a result of the delay in seeking an extension and such an extension will not cause any judicial delay. No merits discovery has taken place, AQ Textiles has not served its initial disclosures, and AQ Textiles has not answered the Complaint. Any motion for class certification that Plaintiffs could have filed at the early, pre-discovery stage would have included no more information than is already in the Complaint; the filing of such a "placeholder" motion would have therefore been of little use to the parties or the Court.[2] The Defendants will undoubtedly concur that class discovery is warranted before a class certification motion should be filed.

In summary, in light of the procedural posture of this case, extending the time for Plaintiffs to move for class certification would neither prejudice Defendants nor cause delay. Accordingly, Plaintiffs respectfully request that the Court find that Plaintiffs' untimeliness, if any, was excusable neglect and extend the time for Plaintiffs to file a motion for class certification until after the Court issues an order on the pending Motion to dismiss and a deadline is set by the forthcoming Initial Pretrial Order.

**V. CONCLUSION**

[2]

Plaintiffs respectfully request that the Court grant their motion to extend the deadline for filing a motion for class certification until the Court enters an order on the pending motion to dismiss and a case management order. Or, in the alternative, Plaintiffs respectfully request that the class certification motion be filed 90 days from the Court's order on this present motion while the motion to dismiss is currently pending.[3] If the Court does rule that the motion should be filed within 90-days, then the Plaintiffs respectfully request that AQ Textiles allow the Plaintiffs to use in the motion all discovery obtained in the related class actions alleging against AQ Textiles, and/or the retailers which sell AQ Textiles' sheets, the same practices relating to the mistated thread counts. AQ Textile's counsel is counsel for some of those retailers and has produced documents pursuant to third-party subpoenas in those cases already. AQ Textiles was originally included as a Defendant in those actions, but it was successful in having the Court's in those cases grant their motions to dismiss for lack of jurisdiction[4].

Submitted this 23rd day of July, 2020.

/s/ Scott C. Harris
Scott C. Harris
N.C. Bar No. 35328
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, North Carolina 27603
Phone (919) 600-5000

[3] If the Court does rule that the motion should be filed within 90-days, then the Plaintiffs respectfully request that AQ Textiles allow the Plaintiffs to use in the motion all discovery obtained in the related class actions alleging against AQ and/or the retailers which sell AQ sheets, the same practices relating to the miscounting thread counts. AQ Textile's counsel is counsel for some of those retailers and has produced documents pursuant to third-party subpoenas in those cases already.

[4] *See Hawes v. Macy's Inc.*, 346 F. Supp. 3d 1086 (S.D. Ohio 2018); *Morrison v. Ross Stores, Inc.*, Case No. 18-cv-02671-YGR (N.D. Cal. May 30, 2019); and *Adam v. The TJX Companies, Inc.*, Case No. 17-cv-11260 (D. Ma.)

8

Facsimile (919) 600-5035
scott@whitfieldbryson.com

*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2020, I electronically filed the foregoing memorandum with the Clerk of Court using the CM/ECF system which will send notification of the filing to all parties of record.

/s/ Scott C. Harris
Scott C. Harris
N.C. Bar No. 35328
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, North Carolina 27603
Phone (919) 600-5000
Facsimile (919) 600-5035
scott@whitfieldbryson.com

*Attorney for Plaintiffs*