THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:19-cv-00983-LCB-JLW

DOMINIQUE MORRISON, SARA
HAWES, CASSANDRA
CHIARALUCE, and JONATHAN
FONTAINE, individually, and on behalf
all others similarly situated**,**

    Plaintiffs,

**v.**

AQ TEXTILES LLC, and
CREATIVE TEXTILE MILLS PVT.
LTD.**,**

    Defendants.

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND
## FIRST AMENDED COMPLAINT

THIS MATTER is before the Court opon motion by Plaintiffs pursuant to the provisions of Rules 15 and 60 of the Federal Rules of Civil Procedure for relief from the Court's Order and for leave to amend their First Amended Complaint ([DE 15], as corrected [DE 17][1]).

## NATURE OF THE CASE

In this action Plaintiffs seek redress for Defendants deceptive conduct designed to, and which in fact does, mislead consumers into believing its bedding products had higher thread counts than they actually contained. Plaintiffs and others similarly situated purchased bedding products relying on false and misleading represtantions of the thread

---

[1] Additional Exhibits are found in DE 23.

1

count. Plaintiffs and consumers purchased and received bed sheets with inflated thread counts, as determined by established ASTM industry standards. The thread count of sheets is used in the industry and by AQ Textiles to convey to the consumer a higher quality product, thereby warranting a price premium. As a result, when Plaintiffs and the putative class purchased bed sheets which were deceptively sold as having a higher thread count than was actually the case, they suffered injury in fact and damages. Plaintiffs paid more for bedding products than they otherwise would have had they known the true mispresented product attribute, thread count of the bedding products. Plaintiffs assert claims for breaches of relevant consumer protection statutes, warranty violations, and Defendants' deceptive and fraudulent behavior.

On March 17, 2021, the Court issued Memorandum and Order dismissing Plaintiffs' First Amended Complaint for lack of standing and Defendants motions to dismiss as moot. [DE 35]. Plaintiffs now seek relief from the Court's Order to amend the First Amended Complaint to address the Court's Order Plaintiffs lack standing.

## STATEMENT OF THE FACTS

"Thread count" – which is the primary factor in setting the price point of bed sheets – is meant to represent or signal the fabric quality, durability, and longevity associated with bedding or textile products. *Proposed Amended Complaint ¶¶ 1-5, 14-21*. Manufacturers know consumers will pay higher prices for bedding sheets with higher thread counts. Retailers increase prices as the thread count increases. *Id*. When thread counts are misrepresented, consumers are misled into purchasing products that fail to provide the represented levels of quality, durability, and longevity. *Id*.

Defendants misled consumers with inflated thread counts (*Id. at ¶¶ 2, 5, 16, 21, 82-83, 93, 95, 108-109, 113-114, 116*), deviated from industry standards (*Id. at ¶¶ 5-7, 16*), and profited from falsely advertised bedding products (*Id. at ¶¶ 83, 115*). Plaintiffs purchased falsely advertised and labeled products at inflated prices. *Id*. at ¶¶ 116, 266. More importantly, Plaintiffs did not receive what Defendant represented and warranted – i.e., sheets/bedding of a certain thread count, quality, and durability because the thread count promises do not "conform to the promises" made on the sheets' labels regarding their quality and fitness for their intended use. *Id*. at ¶¶ 2, 5, 197. As a result, Plaintiffs were injured. *Id*. at ¶¶ 189, 206.

## ARGUMENT

Plaintiffs construe the Court's Memorandum and Order dismissing the First Amended Complaint for lack of standing, as dismissal without prejudice. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing … must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

Under Rule 60(b)(6), a party may seek relief from the Court's Order for "any reason [] that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 15(a)(2) provides, a party, not amendeding as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be freely given when justice so requires. Id. Practice in the Fourth Circuit is to "liberally allow amendment." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010). In the absence of

3

"prejudice, bad faith, or futility" amendment should be allowed. Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).

I. *Plaintiff's Proposed Amended Complaint Is Not Futile*

Traditionally, a district court examined a proposed amended complaint to see if deficient or frivolous on its face. In re Triangle Capital Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021). More recently, this Circuit made clear, the Court examines whether the complaint can withstand Rule 12(b)(6) scrutiny. Id.

In dismissing Plaintiff First Amended Complaint for lack of standing, without reaching the merits, the Court held Plaintiffs did not allege injury in fact. More particularly, the Court questioned lack of specific allegations concerning whether, among other reasons, the sheets were of lower quality, with fewer threadcount, and less durable. [DE 35, p.6]. In response, Plaintiffs, in the Proposed Amended Complaint attached to Plaintiffs' motion, allege and include, 2017 external analysis concerning AQ Textiles' sheets as ordered by the Texas Department of Agriculture ("TDA") and performed by Vartest an independent New York, NY quality assurance testing lab. *See Proposed Amended Compaint ¶¶6-16, 105-108*. In letters, the TDA urged Defendants to stop sale, or repackage the bed sheets to reflect proper characteristics. Id. at ¶8. Plaintiff Fontaine purchased the the same type of bed sheets tested by the TDA which were found to contain less thread counts than represented. Id. at ¶¶61-64. Plaintiffs Hawes and Morrision each had independent testing performed on their sheets demonstrating substantially lower threadcount than promised by packaging. Id. at ¶¶38-60. Aside from additional detailed allegations explaining the sheet threadcount, Plaintiffs allege the type, price, date purchased and representations made

4

versus bed sheets actually received. Id. at ¶¶38-64. Comparatively, Plaintiffs perceived a bargain of allegedly high quality sheets at the purchased price. The price and comparatively high threadcount induced Plaintiffs to buy inferior goods. However, Plaintiffs did not receive a bargain and in fact paid more for a bedding product than they otherwise would have had they known the true product attribute, i.e. thread count of the bedding products. The Plaintiffs and class members damages comprise the price premium to be calculated by an ecomonist using well accepted damages including hedonic regression and/or a conjoint study.[2]

---

[2] The traditional measure of damages in consumer deception case (including warranty claims) – and the measure of damages that Plaintiff seeks – is the difference between the price paid and the value received by consumers who bought under the deception. *See Broomfield v. Craft Brew Alliance, Inc.,* 2018 U.S.Dist LEXIS 117812 , at *47 (N.D. Cal. Sept. 25, 2018) (citing, e.g., *Bresno v. ConAgra Foods, Inc.,* 674 F.App'x 654,657 (9th Cir. 2017)); *In re Vioxx Class Cases,* 180 Cal. App. 4th 116, 131 (2009) ("[t}he difference between what the plaintiff paid and the value of what plaintiff received is a proper measure of restitution " in a mislabeling case.).

"In an ordinary market, the price is a proxy for value." *Saavedra v. Eli Lilly & Co*., 2014WL 7338930, at *5 (C.D. Cal. Dec. 18, 2014) (record citation omitted). "Thus, the price paid for a good that was misrepresented to have a given characteristic can serve as a proxy for the value of a product with the misstated characteristic.*" Id*. As a result, "a refund ratio determined via conjoint analysis" can "yield a valid approximation of the value lost due to the misrepresentation," where it is "appl[ied] . . . to the market price," which "tethers it to a functioning market and thus to the product's fair market value." *Id.*

Courts often refer to this difference in value as a "price premium." *See e.g. Hagley,* 324 F. Supp. 3dIn at 1113; *Brazil v. Dole Packaged Foods, LLC,* 2014 WL 2466559, at * 15 (N.D. Cal 30, 2014) (" The difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution….Because California consumer protection statues upon which Brazil brought this case authorizes the recovery only of whatever price premium is attributable to Dole's use of the allegedly misleading label statements, [an expert's] Full Refund Model… must be rejected." (internal quotation marks and citations omitted)). In *In re Dial Complete Marketing and Sales Prac. Litig., No. 11-md-2263-SM,* 320 F.R.D. 326 (D.N.H. March 27, 2017), the court embraced and accepted the "the price premium" concept and accepted Mr. Boedecker's conjoint model as capable of reliably measuring class members damages as a result of the false and misleading statement that Dial Soap Kills 99.9 % of germs (challenged claim and attribute). The court determined:

> "The term 'premium' is better described as the amount of money consumers pay to acquire a certain attribute of a product. Assuming the allegations in this case to be true, [class members] have paid to purchase antibacterial attributes of Dial Complete they did not receive, and they have thus been damaged as a result thereof. This is true whether the price of the product is higher, lower, or the same as other products without the attribute. The costs of including the anti-bacterial agent becomes embodied in the price of the product in the same way all other costs such as packaging, advertising[,] etc. and are paid for by all class members regardless of the reasons they may have purchased the product."

5

Plaintiffs in a case outside this jurisdiction concerning thread counts in bedding, have submitted in support of class certification an expert report explaining how the damages will be calculated using these methods. Plaintiffs plan to also use an expert here to calculate damages for plaintiffs and the class using similar methodologies after the close of discovery.

Plaintiffs' Proposed Amended Complaint asserts claims under the state consumer protection statues, Magnuson Moss Warranty Act, breach of express and implied warranties, and common law counts relating to AQ Textiles's alleged deceptive and fraudulent behavior. Its contains plausible allegations which raise "a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).

## II.  *Defendants Are Not Prejudiced*

Prejudice means Defendants would be hindered in case preparation, prevented from taking some measure in support of its argument, have to expend substantial additional

---

(ECF Doc. 196, at 96 n.25 ). In *Dial the* price premium or overpayment by consumers was the portion of the overall purchase price attributable to the product's purported superior efficacy properties that Dial promised, but failed, to provide, and was accepted as a proper measure for class wide damages. *Id. See Nelson v. Mead Johnson Nutrition Co*., 270 F.R.D. 689, 692 n.2 (S.D. Fla. 2010) ("Ostensibly, a deceptive practice allows a manufacturer or vendor to charge a premium for a product that the manufacturer would not be able to command absent the deceptive practice. Thus, even if an individual consumer does not rely on a deceptive practice when deciding to purchase that product, the consumer will have paid more for the product than she otherwise would have. Consequently, the consumer suffers damages."); *Belfiore v. Procter & Gamble Co*., 311 F.R.D. 29, 63 (E.D.N.Y. 2015) ("the injury is the price premium on every product sold"); *Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA 1984) ("[T]he measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered according to the contract of the parties") (citation and quotation omitted). "To calculate this overpayment (or "price premium"), economists traditionally have employed conjoint analysis, as proposed here, to determine the "part-worths" consumers attach to the specific product attributes . See, e.g. *Dial*,  (approving Boedecker's model Using Conjoint-Based Conjoint  Analysis to test whether consumers' belief that the Dial's Antibacterial Soap killed 99.9% of germs allows defendant to charge a price premium for soap), *Broomfield,* 2018 U.S. Dist. Lexis177812 , at *42-43 (approving Boedecker's model using Conjoint-Based Conjoint  Analysis to test whether consumers' belief that Kona Beer is brewed in Hawaii allows defendant to charge a price premium for the beers").Importantly, calculations in the model "'need not be exact' at the certification stage[,]" and such model need only show plaintiff's '" damages stemmed from defendant's actions that created the legal liability.'" *Id*., at *41-42 (internal citations omitted).

6

resources in discovery and trial, or would suffer significant delay in resolution. Hunt Valley Baptist Church, Inc. v. Balt. Cty., No. ELH-17-804, 2019 WL 3238950, at *4, 2019 U.S. Dist. LEXIS 119540 at *10 (D. Md. July 17, 2019) (citing 61A AM. JUR. 2d, Pleading § 723). Prejudice is often "determined by the nature of the amendment and its timing." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018);. The further the case has progressed the more likely a finding of prejudice to the defendant. Id.

After service of the Complaint, Defendant AQ Textiles filed two nearly identical motions to dismiss in response to Plaintiffs' Complaint and Amended Complaint. [DE 13, 18]. Plaintiffs' proposed Second Amended Complaint does not introduce any new legal theories that might give rise to prejudice. This case is, and always has been, about AQ Textiles inflating the thread counts in bed sheets it sold to the Plaintiffs and the putative class members. The proposed Amended Complaint merely elaborates on allegations in the first, warranting allowance. Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 118 (4th Cir. 2013) (granting leave where amendment "merely elaborates on an allegation in the original complaint"). Additional facts provide details of analysis performed on Plaintiffs bed sheets, and others similarly situated, forming the basis of the action. Discovery has not commenced. There is no scheduling order in place as of yet, trial date, or exchanging of initial disclosures. Importantly, the facts are well-known to Defendants counseling in favor of amendment. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (finding no prejudice where defendant was made fully aware of the events giving rise to the action,

7

an allowance of the amendment could not in any way prejudice the preparation of defendant's case).

"[S]imply because [the Court] has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits" is not a justififcation to deny amendment. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). The "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

### III. *No Bad Faith*

The Court has not yet opined on the merits of Plaintiffs' claims. On its own, the Court questioned whether Plaintiffs had standing to proceed. Plaintiffs proposed Amended Complaint clarifies and elaborates on facts to address apprehensions over inadequately alleging suffering an injury in fact sufficient to meet the constitutional requirements of standing for a motion to dismiss. *See* Lujan v. Defs. Of Wildlife, 504 U.S. 555, 561 (1992).

Plaintiffs proposed Second Amended Compaint does not offer new legal theories. The facts added were not omitted from their pleading with any ill-intent and swift filing of the present motion supports no bad faith. Laber, 438 F.3d at 228 ("no evidence omission from his original complaint the legal theory was in bad faith [and] diligence in filing his motion to amend after the district court entered summary judgment dispels any inference of bad faith").[3]

---

[3] Plantiffs research reveals bad faith finding only in rare circumstances involving a calculated effort to circumvent summary judgment. *See* Sandcrest Outpatient Servs., P.A. v. Cumberland Cty. Hosp. Sys., Inc., 853 F.2d 1139, 1149

8

## CONCLUSION

For the foregoing reasons, Plaintiffs exhibit no bad faith in seeking amendment, no prejudice exists, and amendment only elaborates and clarifies existing allegations. Amendment is not futile because the Amended Complaint states a claim for relief above the speculative level sufficient to survive Rule 12(b)(6) scrutiny.

This the 29th day of March, 2021.

/s/ Scott C. Harris
Scott C. Harris
N.C. Bar No. 35328
**WHTFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, North Carolina 27603
Phone (919) 600-5000
Facsimile (919) 600-5035
scott@whitfieldbryson.com

Charles LaDuca (*To Be Admitted PHV*)
Brendan Thompson (*To Be Admitted PHV*)
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com
brendant@cuneolaw.com

Michael McShane
Ling Y. Kuang (*To Be Admitted PHV*)
Kurt D. Kessler (*To Be Admitted PHV*)
AUDET & PARTNERS, LLP
711 Van Ness Avenue

---

(4th Cir. 1988) (after discovery and pending dispositive motion plaintiff sought to add a claim for injunctive relief to avoid possible loss on summary judgment).

Suite 500
San Francisco, CA 94102
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
mmcshane@audetlaw.com
lkuang@audetlaw.com
kkessler@audetlaw.com

Charles Schaffer (*To Be Admitted PHV*)
LEVIN SEDRAN & BERMAN
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: (877) 882-1011
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

Bruce Steckler (*To Be Admitted PHV*)
Stuart Cochran (*To Be Admitted PHV*)
Kirstine Rogers (*To Be Admitted PHV*)
STECKLER GRESHAM COCHRAN
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: 972-387-4040
bruce@stecklerlaw.com
stuart@stecklerlaw.com
krogers@stecklerlaw.com

*Attorneys for Plaintiffs*

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Court's CM/ECF system, which will send notice of filing to all counsel of record.

This the 29th day of March 2021.

        /s/ Scott C. Harris
        Scott C. Harris
        N.C. Bar No. 35328
        **WHTFIELD BRYSON LLP**
        900 W. Morgan Street
        Raleigh, North Carolina 27603
        Phone (919) 600-5000
        Facsimile (919) 600-5035
        scott@whitfieldbryson.com

## **CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing complies with the Local Rule 7.3(d)(1) word count, including the body of the brief, headings, and footnotes.

This the 29th day of March 2021.

/s/ Scott C. Harris
Scott C. Harris