IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19-cv-00983-LCB-JLW

| | |
|---|---|
| DOMINIQUE MORRISON, SARA HAWES, CASSANDRA CHIARALUCE, and JONATHAN FONTAINE, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AQ TEXTILES LLC and CREATIVE TEXTILE MILLS PVT. LTD., <br><br> Defendants. | **ANSWER TO THIRD AMENDED COMPLAINT** |

COMES NOW Defendant AQ Textiles, LLC ("AQ"), through counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, and answers Plaintiffs' Third Amended Complaint[1] (the "Complaint") as follows:

**RESPONSE TO NUMBERED ALLEGATIONS[2]**

**INTRODUCTION**

1.      It is admitted that Plaintiffs bring this action on their own behalf and also seek to certify various classes. Except as admitted, denied.

2.      Denied.

---

[1] Plaintiffs' pleading is their second amended complaint, but AQ refers to the pleading as Plaintiffs captioned it.
[2] Numerous allegations are directed at or regarding the conduct of "Defendants" generally. AQ is solely responding for and as to the conduct of AQ, not any other Defendant, unless otherwise noted.

3.      Denied as to AQ. AQ lacks information sufficient to respond as to what communications other "members of the bedding sheet products industry" make to consumers, and such allegations are therefore denied.

4.      AQ lacks information sufficient to respond as to what understanding consumers have with respect to thread count, and these allegations are therefore denied.

5.      Denied.

6.      It is admitted that the ASTM D3775 standard is an acceptable method of calculating thread count. It is denied that D3775-12 is the current version of that standard. Except as expressly admitted, denied.

7.      It is admitted that the letters attached as Exhibit A to the Complaint were sent to AQ, and that the contents of those letters and their attachments speak for themselves. It is specifically denied that any thread-count test results included within Exhibit A are accurate. It is further specifically denied that the Texas Department of Agriculture took any action against AQ based on the allegations contained in those letters. Except as expressly admitted, denied.

8.      It is admitted that the contents of the letters attached as Exhibit A and their attachments speak for themselves. It is specifically denied that any thread-count test results included within Exhibit A are accurate. It is further specifically denied that the Texas Department of Agriculture took any action against AQ based on the allegations contained in those letters. Except as expressly admitted, denied.

9.      It is admitted that the contents of the letters attached as Exhibit A and their attachments speak for themselves. It is further specifically denied that the Texas

2

Department of Agriculture took any action against AQ based on the allegations contained in those letters. Except as expressly admitted, denied.

10.     AQ lacks information sufficient to respond as to what "independent test results" Plaintiffs may have obtained, and these allegations are therefore denied.

11.     AQ lacks information sufficient to respond as to which sheets any Plaintiff purchased. AQ specifically denies that the thread counts of any sheets sold by AQ were inflated. To the extent a further response is required, denied.

12.     AQ lacks information sufficient to respond as to which sheets any Plaintiff purchased. AQ specifically denies that the thread counts of any sheets sold by AQ were inflated. To the extent a further response is required, denied.

13.     AQ lacks information sufficient to respond as to which sheets any Plaintiff purchased. AQ specifically denies that the thread counts of any sheets sold by AQ were inflated. To the extent a further response is required, denied.

14.     Denied.

15.     Denied.

16.     It is denied that AQ sold any sheet products with inflated thread counts. AQ lacks information sufficient to respond regarding the contents of Macy's website. To the extent a further response is required, denied.

17.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

18.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

3

19.     AQ lacks information sufficient to respond as to what belief consumers have with respect to thread count, and these allegations are therefore denied.

20.     AQ lacks information sufficient to respond as to what consumers do or do not rely on, and these allegations are therefore denied.

21.     Denied.

## JURISDICTION AND VENUE

22.     AQ restates and incorporates by reference its responses to the foregoing allegations.

23.     It is admitted that Plaintiffs have alleged that there are likely more than 100 putative class members.  AQ lacks information or knowledge sufficient to form a belief as to the truth of the allegations about Plaintiffs' residences.  It is denied that there is an aggregate amount in controversy exceeding $5,000,000.  Except as expressly admitted, denied.

24.     It is admitted that AQ conducts business in this district, and that AQ does not contest venue in this Court. Except as expressly admitted, denied.

25.     Admitted.

26.     It is admitted that AQ conducts business in this district, but expressly denied that any of AQ's conduct was improper.  Except as expressly admitted, denied.

27.     It is admitted that AQ conducts business in this district, but expressly denied that any of AQ's conduct was improper.  Except as expressly admitted, denied.

28.     It is admitted that some sheets sold by AQ to retailers were ultimately sold to consumers in this District. It is denied that AQ sold any sheets directly to consumers in this District.  Except as expressly admitted, denied.

29.     It is admitted that Creative submitted a declaration in a related lawsuit.  That declaration is a written document, and it speaks for itself.  Except as expressly admitted, denied.

30.     It is admitted that AQ buys products manufactured by Creative that Creative ships to the United States. Except as expressly admitted, denied.

31.     It is admitted that AQ buys products manufactured by Creative that Creative ships to the United States. Except as expressly admitted, denied.

32.     It is admitted that AQ buys woven bed sheets manufactured by Creative that Creative ships to the United States.  Except as expressly admitted, denied.

33.     Denied.

**PARTIES**

34.     AQ restates and incorporates by reference its responses to the foregoing allegations.

35.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

36.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

37.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

5

38.     It is admitted that AQ has sold sheets named "Grande Estate" to Ross and that AQ participated in the development of product labels for such sheets. It is denied that the Grande Estate sheets were manufactured or packaged by Creative. Except as expressly admitted, denied.

39.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

40.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

41.     Denied.

42.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

43.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

49.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

6

50.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

51.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

52.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

53.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

54.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

55.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

56.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

57.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

58.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

59.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

60.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

61.     Admitted.

62.     It is admitted that AQ sells to retailers certain sheet products manufactured by Creative.  Except as expressly admitted, denied.

63.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

64.     It is admitted that Creative manufactures and sells textile products, including to AQ. It is expressly denied that AQ is Creative's "partner." Except as expressly admitted, denied.

65.     It is admitted that AQ has bought woven bed sheets manufactured by Creative that Creative ships to the United States.  Except as expressly admitted, denied.

66.     It is admitted that AQ has bought woven bed sheets manufactured by Creative that Creative ships to the United States.  Except as expressly admitted, denied.

**FACTUAL ALLEGATIONS**

67.     AQ restates and incorporates by reference its responses to the foregoing allegations.

68.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

69.     Denied.

70.     It is admitted that Plaintiffs seek to assert individual and class claims regarding sheets they allege were manufactured by Creative and imported, labeled, and sold by AQ. Except as expressly admitted, denied.

8

71.     It is admitted that Plaintiffs seek to assert claims regarding the sheet and pillowcase products listed in this paragraph. It is expressly denied that any products sold by AQ had an inflated thread count.  It is further expressly denied that AQ sold each of the listed sheet and pillowcase products; many of the products were never sold by AQ.  Except as expressly admitted, denied.

72.     It is admitted that certain sheet products sold by AQ to retailers are sold via retailers' websites. AQ lacks information sufficient to respond as to whether any products allegedly purchased by Plaintiffs were advertised on a website. It is denied that AQ had any involvement with the sale of any sheets on the listed websites.  Except as expressly admitted, denied.

73.     It is admitted that sheet products sold by AQ to Macy's can be purchased by consumers on Macy's website. Except as expressly admitted, denied.

74.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

75.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

76.     Denied.

77.     Denied as to AQ. AQ lacks information sufficient to respond as to the knowledge of other "industry participants," and such allegations are therefore denied.

78.     Denied as to AQ. AQ lacks information sufficient to respond as to the knowledge of other "industry participants," and such allegations are therefore denied.

79.     Denied as to AQ. AQ lacks information sufficient to respond as to the knowledge of other "industry participants," and such allegations are therefore denied.

80.     Denied.

81.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

82.     Denied.

83.     AQ lacks information sufficient to respond as to the truth of these allegations, and the allegations are therefore denied.

84.     It is admitted that industry practice in calculating thread count is to count each individual warp yarn and filling yarn. Except as expressly admitted, denied.

85.     It is admitted that the ASTM D3775 standard is an acceptable method of calculating thread count. It is denied that D3775-12 is the current version of that standard. To the extent a further response is required, denied.

86.     It is admitted that the ASTM D3775 standard is a written standard that speaks for itself. It is denied that D3775-12 is the current version of that standard. To the extent a further response is required, denied.

87.     It is admitted that the ASTM D3775 standard is a written standard that speaks for itself. It is denied that D3775-12 is the current version of that standard. To the extent a further response is required, denied.

88.     It is admitted that the prior versions of the ASTM D3775 standard are in writing and speak for themselves. To the extent a further response is required, denied.

10

89.     It is admitted that the D3775-03a version of the ASTM D3775 standard is in writing and speaks for itself. To the extent a further response is required, denied.

90.     It is admitted that the D3775-12 version of the ASTM D3775 standard is in writing and speaks for itself. To the extent a further response is required, denied.

91.     It is admitted that the D3775-12 version of the ASTM D3775 standard is in writing and speaks for itself. To the extent a further response is required, denied.

92.     Denied as to AQ. AQ lacks information sufficient to respond as to other "bedding sheet manufacturers and distributors" and such allegations are therefore denied.

93.     It is admitted that the NTA and FTC have issued guidance regarding the counting of plied yarns. It is expressly denied that AQ has sold any sheet products that have had their thread counts inflated by counting individual plies in a yarn. Except as expressly admitted, denied.

94.     It is admitted that the letter attached as Exhibit B speaks for itself. To the extent a further response is required, denied.

95.     It is admitted that the letter attached as Exhibit B speaks for itself. To the extent a further response is required, denied.

96.     It is admitted that the letter attached as Exhibit C speaks for itself. To the extent a further response is required, denied.

97.     It is admitted that the letter attached as Exhibit C speaks for itself. To the extent a further response is required, denied.

98.     It is admitted that the letter attached as Exhibit D speaks for itself. To the extent a further response is required, denied.

11

99.    It is admitted that the letter attached as Exhibit D speaks for itself. To the extent a further response is required, denied.

100.   Denied.

101.   It is admitted that the letters attached as Exhibit A to the Complaint were sent to AQ, and that the contents of those letters and their attachments speak for themselves. It is specifically denied that any thread-count test results included within Exhibit A are accurate. Except as expressly admitted, denied.

102.   It is admitted that the letters attached as Exhibit A to the Complaint were sent to AQ, and that the contents of those letters and their attachments speak for themselves. It is specifically denied that any thread-count test results included within Exhibit A are accurate. Except as expressly admitted, denied.

103.   It is admitted that the letters attached as Exhibit A to the Complaint were sent to AQ, and that the contents of those letters and their attachments speak for themselves. Except as expressly admitted, denied.

104.   The document attached as Exhibit F to the Complaint speaks for itself. It is admitted that AQ received and responded to the Civil Investigative Demand, and that to AQ's knowledge no further investigative action has been taken.  Except as expressly admitted, denied.

105.   Denied.

106.   Denied

107.   Denied

108.   Denied upon information and belief.

109. Denied.

110. Denied

111. Denied

112. Denied

113. Denied

114. Denied

115. Denied

116. Denied.

## CLASS ACTION ALLEGATIONS

117. AQ restates and incorporates by reference its responses to the foregoing allegations.

118. It is admitted that Plaintiffs seek to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure. It is denied that any class should be certified. Except as expressly admitted, denied.

119. It is admitted that Plaintiffs seek to define the class period as stated in Paragraph 119, and denied that the proposed class period is appropriate. Except as admitted, denied.

120. It is admitted that Plaintiffs seek to exclude certain persons and entities from the classes they seek to certify. Except as expressly admitted, denied.

121. Denied, including as to all subparts.

122. Denied.

123. Denied.

13

124.  Denied.

125.  Denied.

126.  Denied.

127.  Denied.

128.  Denied.

129.  Denied.

130.  Denied.

131.  Denied.

## EQUITABLE TOLLING

132.  AQ restates and incorporates by reference its responses to the foregoing allegations.

133.  Denied.

134.  Denied.

135.  Denied.

136.  Denied.

## COUNT ONE

137.  AQ restates and incorporates by reference its responses to the foregoing allegations.

138.  This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

139.  This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

14

140.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

141.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

142.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

143.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

144.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    It is admitted that Plaintiff  Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

149.    It is admitted that Plaintiff Hawes's counsel sent a letter to AQ on or about May 17, 2019. It is denied that such letter constituted valid or timely notice of Plaintiff Hawes's claims. Except as expressly admitted, denied.

150.    It is admitted that counsel for Plaintiffs Fontaine and Chiaraluce sent a letter to AQ on or about December 10, 2019. It is denied that such letter constituted valid or timely notice of Plaintiffs' claims. Except as expressly admitted, denied.

15

151.   Denied.

## COUNT TWO

152.   AQ restates and incorporates by reference its responses to the foregoing allegations.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   It is admitted that Plaintiff Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

165.   It is admitted that Plaintiff Hawes's counsel sent a letter to AQ on or about May 17, 2019. It is denied that such letter constituted valid or timely notice of Plaintiff Hawes's claims. Except as expressly admitted, denied.

16

166. It is admitted that counsel for Plaintiffs Fontaine and Chiaraluce sent a letter to AQ on or about December 10, 2019. It is denied that such letter constituted valid or timely notice of Plaintiffs' claims. Except as expressly admitted, denied.

167. Denied.

## COUNT THREE[3]

189. AQ restates and incorporates by reference its responses to the foregoing allegations.

190. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. It is admitted that Plaintiff seeks injunctive relief, and denied that such relief is appropriate or warranted.

197. It is admitted that Plaintiff Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

---

[3] Between Counts Two and Three, Plaintiff's Complaint skips from Paragraph 167 to Paragraph 189. To the extent there are intended to be any allegations in Paragraphs 168-188, such allegations are denied.

198.    It is admitted that Plaintiff Hawes's counsel sent a letter to AQ on or about May 17, 2019. It is denied that such letter constituted valid or timely notice of Plaintiff Hawes's claims. Except as expressly admitted, denied.

199.    It is admitted that counsel for Plaintiffs Fontaine and Chiaraluce sent a letter to AQ on or about December 10, 2019. It is denied that such letter constituted valid or timely notice of Plaintiffs' claims. Except as expressly admitted, denied.

200.    Denied.

## COUNT FOUR[4]

202.    AQ restates and incorporates by reference its responses to the foregoing allegations.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    It is admitted that Plaintiffs seek relief under the referenced statutory provisions, and denied that such relief is appropriate or warranted.

---

[4] Between Counts Three and Four, Plaintiff's Complaint skips from Paragraph 200 to Paragraph 202. To the extent there are intended to be any allegations in Paragraph 201, such allegations are denied.

210.     It is admitted that Plaintiff Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

211.     It is admitted that Plaintiff Hawes's counsel sent a letter to AQ on or about May 17, 2019. It is denied that such letter constituted valid or timely notice of Plaintiff Hawes's claims. Except as expressly admitted, denied.

212.     It is admitted that counsel for Plaintiffs Fontaine and Chiaraluce sent a letter to AQ on or about December 10, 2019. It is denied that such letter constituted valid or timely notice of Plaintiffs' claims. Except as expressly admitted, denied.

213.     Denied.

## COUNT FIVE

214.     AQ restates and incorporates by reference its responses to the foregoing allegations.

215.     It is admitted that Plaintiffs seek relief under the referenced statutory provisions, and denied that such relief is appropriate or warranted.

216.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

217.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

218.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

219. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

220. It is admitted that some bed sheets are manufactured and marketed with a quantifiable thread count. Except as expressly admitted, denied.

221. Admitted.

222. AQ lacks information sufficient to respond as to what perceptions consumers have with respect to thread count, and these allegations are therefore denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

232. Denied.

233. Denied.

234. It is admitted that testing the thread count of sheets requires removing samples from the sheets. Except as expressly admitted, denied.

235. Denied.

236. Denied as to AQ. AQ lacks information to respond as to "retailers" generally, and such allegations are therefore denied.

237. Denied.

238. Denied.

239. AQ lacks information sufficient to respond as to what representations consumers believe are important, and these allegations are therefore denied.

240. AQ lacks information sufficient to respond as to what factors are material in consumers' purchasing decisions, and these allegations are therefore denied.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. It is admitted that Plaintiffs seek the relief described in this paragraph, including all subparts thereof, and denied that such relief is appropriate or warranted.

246. [omitted in Complaint; denied]

247. It is admitted that Plaintiff Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

248. It is admitted that Plaintiff Hawes's counsel sent a letter to AQ on or about May 17, 2019. It is denied that such letter constituted valid or timely notice of Plaintiff Hawes's claims. Except as expressly admitted, denied.

21

249.   It is admitted that counsel for Plaintiffs Fontaine and Chiaraluce sent a letter to AQ on or about December 10, 2019. It is denied that such letter constituted valid or timely notice of Plaintiffs' claims. Except as expressly admitted, denied.

250.   Denied.

## COUNT SIX

251.   AQ restates and incorporates by reference its responses to the foregoing allegations.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

257.   Denied.

258.   Denied.

259.   Denied.

260.   It is admitted that Plaintiff Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

261.   It is admitted that Plaintiff Hawes's counsel sent a letter to AQ on or about May 17, 2019. It is denied that such letter constituted valid or timely notice of Plaintiff Hawes's claims. Except as expressly admitted, denied.

262.    It is admitted that counsel for Plaintiffs Fontaine and Chiaraluce sent a letter to AQ on or about December 10, 2019. It is denied that such letter constituted valid or timely notice of Plaintiffs' claims. Except as expressly admitted, denied.

263.    Denied.

## COUNT SEVEN

264.    AQ restates and incorporates by reference its responses to the foregoing allegations.

265.    Denied.

266.    Denied.

267.    It is admitted that falsely advertised thread counts have no benefit, and denied that any products sold by AQ have a falsely advertised thread count. Except as admitted, denied.

268.    AQ lacks information sufficient to respond as to consumers' purchasing decisions or competitors' actions, and these allegations are therefore denied.

269.    Denied.

270.    Denied.

271.    It is admitted that Plaintiff Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

272.    [Duplicate allegation] It is admitted that Plaintiff Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

23

273. It is admitted that Plaintiff Hawes's counsel sent a letter to AQ on or about May 17, 2019. It is denied that such letter constituted valid or timely notice of Plaintiff Hawes's claims. Except as expressly admitted, denied.

274. It is admitted that counsel for Plaintiffs Fontaine and Chiaraluce sent a letter to AQ on or about December 10, 2019. It is denied that such letter constituted valid or timely notice of Plaintiffs' claims. Except as expressly admitted, denied.

275. Denied.

## COUNT EIGHT

276. AQ restates and incorporates by reference its responses to the foregoing allegations.

277. Denied.

278. Denied.

279. Denied.

280. AQ lacks information sufficient to respond as to what factors are material in consumers' purchasing decisions, and these allegations are therefore denied.

281. AQ lacks information sufficient to respond as to what representations consumers rely on, and these allegations are therefore denied.

282. Denied.

283. Denied.

284. [omitted in Complaint; denied]

24

285. It is admitted that Plaintiff Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

286. It is admitted that Plaintiff Hawes's counsel sent a letter to AQ on or about May 17, 2019. It is denied that such letter constituted valid or timely notice of Plaintiff Hawes's claims. Except as expressly admitted, denied.

287. It is admitted that counsel for Plaintiffs Fontaine and Chiaraluce sent a letter to AQ on or about December 10, 2019. It is denied that such letter constituted valid or timely notice of Plaintiffs' claims. Except as expressly admitted, denied.

288. Denied.

## COUNT NINE[5]

302. AQ restates and incorporates by reference its responses to the foregoing allegations.

303. Denied.

304. Denied.

305. Denied.

306. Denied.

307. Denied.

308. Denied.

---

[5] Between Counts Eight and Nine, Plaintiff's Complaint skips from Paragraph 288 to Paragraph 302. To the extent there are intended to be any allegations in Paragraphs 289-301, such allegations are denied.

309.    It is admitted that Plaintiffs seek relief under the referenced statutory provisions, and denied that such relief is appropriate or warranted.

310.    [omitted in Complaint; denied]

311.    It is admitted that Plaintiff Morrison's counsel sent a letter to AQ on or about November 17, 2018. It is denied that such letter constituted valid or timely notice of Plaintiff Morrison's claims. Except as expressly admitted, denied.

312.    It is admitted that Plaintiff Hawes's counsel sent a letter to AQ on or about May 17, 2019. It is denied that such letter constituted valid or timely notice of Plaintiff Hawes's claims. Except as expressly admitted, denied.

313.    It is admitted that counsel for Plaintiffs Fontaine and Chiaraluce sent a letter to AQ on or about December 10, 2019. It is denied that such letter constituted valid or timely notice of Plaintiffs' claims. Except as expressly admitted, denied.

314.    Denied.

## COUNT TEN

315.    AQ restates and incorporates by reference its responses to the foregoing allegations.

316.    It is admitted that the Plaintiffs assert this claim individually and seek to assert it on behalf of an unidentified class.  It is denied that the claim is valid or appropriate for class treatment.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Denied.

## FIRST DEFENSE

AQ did not sell any products directly to Plaintiffs or other consumers, and there is therefore no contractual privity between AQ and Plaintiffs or would-be class members. To the extent Plaintiffs' claims require contractual privity, they are invalid and must fail.

## SECOND DEFENSE

Plaintiffs have an adequate remedy at law in the form of claims for breach of warranty or otherwise, and the existence of an adequate remedy at law bars all of Plaintiff's claims for equitable relief, including injunctive relief.

## THIRD DEFENSE

Plaintiffs lack standing to assert claims, including class claims, with respect to products they did not purchase, and the Court therefore lacks subject-matter jurisdiction with respect to such claims.

## FOURTH DEFENSE

Plaintiffs did not suffer any ascertainable harm or damage with respect to their alleged sheet purchases and the absence of such harm or damage bars their claims for relief in part or in whole.

## FIFTH DEFENSE

Any damages that Plaintiffs may have suffered were not caused by AQ and must be decreased to the extent the acts or omissions of Plaintiffs or any other parties contributed to them.

## SIXTH DEFENSE

To the extent Plaintiffs or putative class members have suffered any harm, which is expressly denied, they have failed to mitigate their damages or to prevent any harm.

## SEVENTH DEFENSE

Plaintiffs lack standing to assert claims under laws of states other than those where they reside and/or purchased the products at issue.

## EIGHTH DEFENSE

Plaintiffs' individual and class claims must be dismissed to the extent they are barred by applicable statutes of limitations.

## NINTH DEFENSE

Class treatment is not appropriate for this action, and no class should be certified.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

**ELEVENTH DEFENSE**

The products allegedly purchased were labeled with accurate thread counts in accord with governing law and according to applicable standards, and Plaintiffs' claims therefore fail.

**TWELFTH DEFENSE**

AQ relied in good faith on thread-count test reports with respect to the sheet products it purchased and re-sold and had neither actual nor constructive knowledge that any thread counts were misrepresented.

**THIRTEENTH DEFENSE**

To the extent Plaintiffs or putative class members relied on or understood representations regarding thread count as indicative of any quantifiable level of quality, durability, longevity, softness, or comfort, such reliance or understanding was not induced by AQ and was not reasonable.

**FOURTEENTH DEFENSE**

To the extent Plaintiffs' allegations are directed at parties other than AQ or allege misrepresentations or misconduct by parties other than AQ, AQ is not responsible for, and does not have knowledge of, such parties' alleged misrepresentations or misconduct, and denies any and all liability with respect to the same.

## FIFTEENTH DEFENSE

Plaintiffs and putative class members failed to provide timely or adequate notice of alleged defects in the products and/or the remedies sought.

## SIXTEENTH DEFENSE

AQ is entitled to any applicable exceptions to, or safe harbors from, liability under applicable state and federal laws.

## SEVENTEENTH DEFENSE

Plaintiffs have not alleged a reasonable probability that they will buy the subject products again and there is therefore no basis for them to seek injunctive relief.

## EIGHTEENTH DEFENSE

Plaintiffs' equitable claims are barred, in part or in whole, by the doctrine of unclean hands.

WHEREFORE, AQ prays as follows:

1. That Plaintiffs have and recover nothing by this action;

2. That judgment be entered in favor of AQ on all claims;

3. That Plaintiffs' claims be dismissed in their entirety;

3. That the costs of this action be taxed against Plaintiffs; and

4. That AQ be awarded such other and further relief as justice requires.

30

This the 18th day of February, 2022.

/s/ Andrew L. Rodenbough
Jennifer K. Van Zant (N.C. Bar # 21280)
Andrew Rodenbough (N.C. Bar # 46364)
Kasi W. Robinson (N.C. Bar # 52439)
BROOKS, PIERCE, McLENDON
HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone:     (336) 373-8850
Facsimile:     (336) 378-1001
jvanzant@brookspierce.com
arodenbough@brookspierce.com
krobinson@brookspierce.com

*Attorneys for Defendant AQ Textiles, LLC*