UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19-cv-00983-LCB-JLW

| | |
|---|---|
| DOMINIQUE MORRISON, SARA HAWES, CASSANDRA CHIARALUCE, and JONATHAN FONTAINE individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AQ TEXTILES LLC and CREATIVE TEXTILE MILLS PVT. LTD.,<br><br>Defendants. | Case No.: 1:19-cv-983 |

## RULE 26(f) REPORT OF THE PARTIES

Plaintiffs Dominique Morrison, Sara Hawes, Cassandra Chiaraluce and Jonathan Fontaine ("Plaintiffs") and Defendant AQ Textiles, LLC ("Defendant") jointly submit the following Certification and Report of Fed. R. Civ. P. 26(f) Conference and Discovery Plan:

1. Pursuant to Fed. R. Civ. P. 26(f) and LR16.1(b), a telephonic meeting was held on March 17, 2022 , by telephone and was attended by:

*For Plaintiffs*:

Scott C. Harris
Brendan Thompson

*For Defendant*:

Jennifer K. Van Zant
Andrew L. Rodenbough
Kasi W. Robinson

The parties subsequently exchanged written correspondence regarding the topics discussed during the meeting and held another telephonic meetings on July 1, 2022, which was attended by:

> *For Plaintiffs:*
>
> Scott C. Harris
> Stuart Cochran
> Brendan Thompson
>
> *For Defendants:*
>
> Jennifer K. Van Zant
> Andrew L. Rodenbough
> Kasi W. Robinson

The parties again exchanged written correspondence regarding the topics discussed during the meeting and held another telephonic meeting on July 6, 2022, which was attended by:

> *For Plaintiffs:*
>
> Stuart Cochran
> Charles Schaffer
>
> *For Defendants:*
>
> Jennifer K. Van Zant
> Andrew L. Rodenbough
> Kasi W. Robinson

    2.    **Discovery Plan.** The parties propose to the Court the following discovery plan:

    A. There are no Motions currently pending before the Court.

B.  The Parties should be allowed until July 25, 2022 to request leave to join additional parties or to amend pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

C.  The Parties believe that discovery may be needed on the following topics:

   a.  Information sufficient to evidence and document sales (quantities and pricing, both in toto and per unit) of all CVC sheets from manufacturers to Defendant and Defendant to retailers;

   b.  Test reports for all the CVC sheet products at issue in this litigation and documents related to such reports;

   c.  Defendant's research, development, manufacturing, production, testing, marketing, labeling, pricing, purchasing, packaging and sale of all the CVC sheet products at issue, as well as class members' purchases of the sheets, including their knowledge, understandings, and beliefs regarding the sheets' thread counts, prices, and other properties; and

   d.  Plaintiffs' and the proposed class's purchases of the products at issue, including their knowledge and understanding regarding the products' thread counts and other properties and the extent to which they received or relied upon any representations made by AQ.

D.  In order to reduce the burden of discovery, the parties agree to the following process with respect to the service of document requests to Defendant:

   a.  Within fourteen days of entry of an appropriate protective order, Defendant agrees to reproduce all items previously produced to Plaintiffs' counsel in response to the following third-party subpoenas in separate litigation:

      i.  Subpoena issued to AQ Textiles, LLC in *Hawes v. Macy's Inc.*, 17-cv-754 (S.D. Ohio) on July 02, 2019;
      ii. Subpoena issued to AQ Textiles, LLC in *Hawes v. Macy's Inc.*, 17-cv-754 (S.D. Ohio) on October 01, 2019;
      iii. Subpoena issued to AQ Textiles, LLC in *Morrison v. Ross Stores, Inc.*, 4:18-cv-02671-YGR (N.D. Cal.) on October 28, 2019;

3

      iv. Subpoena issued to AQ Textiles, LLC in *Hawes v. Macy's Inc.*, 17-cv-754 (S.D. Ohio) on October 16, 2019;
      v. Subpoena issued to AQ Textiles, LLC in *Hawes v. Macy's Inc.*, 17-cv-754 (S.D. Ohio) on February 28, 2020;
      vi. Subpoena issued to AQ Textiles, LLC in *Hawes v. Macy's Inc.*, 17-cv-754 (S.D. Ohio) on April 6, 2020;
      vii. Subpoena issued to AQ Textiles, LLC in *Hawes v. Macy's Inc.*, 17-cv-754 (S.D. Ohio) on May 11, 2020; and
      viii. Subpoena issued to AQ Textiles, LLC in *Morrison v. Ross Stores, Inc.*, 4:18-cv-02671-YGR (N.D. Cal.) on July 23, 2020.

b. Following Plaintiffs' receipt and review of those documents, Plaintiffs may serve document requests. It is the intention of the parties that the document requests will seek additional documents on a targeted basis and will not seek duplicate documents already produced.

c. Subject to the limitation above, Plaintiffs and Defendant intend to serve interrogatories, document requests, and third-party subpoenas regarding all relevant topics. Plaintiffs also intend to depose Defendant's corporate representatives and fact witnesses identified in Defendant's disclosures, discovery responses, and documents regarding these topics. Defendant intends to depose the named Plaintiffs regarding these topics. The parties anticipate significant discovery from third-parties. The parties also intend to conduct expert discovery on these topics.

d. Nothing herein is intended to prejudice the parties' ability to seek any discovery they believe is relevant to their claims or their ability to object to discovery sought by the opposing party on any proper grounds.

E. The schedule for discovery will be as follows:

a. Subject to the process outlined above, discovery will begin immediately upon the approval or modification by the Court of this case management report. Discovery will proceed on the "*Exceptional*" track per LR 26.1, except as specifically deviated from herein. Discovery will be completed within nine months after an order on this Rule 26(f) Report of the Parties is entered.

4

- i. Expert reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due:

    1. From Plaintiffs on or before January 20, 2023.
    2. From Defendant on or before March 6, 2023.
    3. Rebuttal reports on or before April 7, 2023

- ii. Any dispositive motions shall be filed within 30 days after the close of discovery.

b. Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

c. The parties agree that Rule 26(a)(1) Initial Disclosures are due within ten days after an order on this Rule 26(f) Report of the Parties is entered.

d. The parties agree that interrogatories (including subparts) and requests for admission are limited to 30 for Plaintiffs, collectively, and 30 for Defendant.

e. If there is a need to extend any discovery deadline, the parties will work cooperatively to agree on a proposed extension and seek the Court's approval of the same.

3. **Mediation.** Mediation should be conducted midway through the discovery period, the exact date to be set by agreement of the parties after consultation with the mediators. The parties will consult about which mediator to use and will notify the Court about their selection by 30 days after entry of an order on this Rule 26(f) Report of the Parties is entered.

4. **Depositions.** The parties agree to work cooperatively to schedule depositions at convenient times and locations.

a. The parties request that the number of depositions be limited to ten for Plaintiffs, collectively, and ten for Defendant, exclusive of experts.

b. Each deposition shall be limited to a maximum of seven hours of record time, unless extended by agreement of the parties.

5. **Class Certification.** Plaintiffs may move for certification of a class within 30 days after the close of discovery.

6. **Other items.** The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§ 636(c), or appointment of a master. At this time, the parties do not consent to a general referral of the case to a Magistrate Judge; however the parties consent to the Magistrate Judge issuing orders related to any discovery dispute.

The case shall be a jury trial. Future decisions, in particular decisions about class certification and the results of any dispositive motions, may significantly impact trial length. For planning purposes, the parties suggest allotting 2-3 weeks for trial (with a pre-trial conference beforehand).

7. **Electronically Stored Information.** The parties have conferred with regard to discovery of electronically stored information ("ESI"). The parties agree to take reasonable steps to preserve this information. The parties are discussing a protocol for the exchange of ESI, including an agreed-upon form of production.

8. **Claims of Privilege/Protection of Trial-Preparation Material.** Claims of privilege and protection will be subject to a separate Protective Order to be negotiated between the parties, if any, and submitted to the Court. Defendant anticipates that many documents to be produced will be subject to confidentiality. Defendant will provide

6

Case 1:19-cv-00983-LCB-JLW   Document 50   Filed 07/14/22   Page 6 of 10

Plaintiffs with a proposed protective order and, upon agreement, will file the proposed agreement with the Court for entry.

9. **L.R. 5.5 Certification**. The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

The parties will file a separate L.R. 5.5 report. That report will reflect that the parties agree to use the default procedures of LR 5.4(c) regarding the sealing of documents. In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

10. **Electronic Service of Discovery**. The parties agree that service by email to the email addresses below shall be sufficient for service of discovery requests and responses, and that no paper copies need be served. Agreements Concerning Extensions of Time. The parties may agree informally to extend the time for responding to discovery requests, without having to file a motion with the Court, provided that the parties may not,

7

without Court approval, extend the time for completing discovery beyond the date for completion of discovery.

11. **Conference with Court.** At this time, the Parties do not request a conference with the Court.

Dated: July 14, 2022.   Respectfully submitted,

*/s/* Scott C. Harris (with permission)
Scott C. Harris (N.C. Bar No. 35328)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Fax: (919) 600-5035
sharris@milberg.com

Charles LaDuca*
Brendan Thompson*
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Ave., NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Fax: (202) 789-1813
charles@cuneolaw.com
brendant@cuneolaw.com

Michael McShane
Ling Y. Kuang*
Kurt D. Kessler
AUDET & PARTNERS, LLP
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
mmcshane@audetlaw.com
lkuang@audetlaw.com
kkessler@audetlaw.com

 */s/* Kasi W. Robinson
Jennifer K. Van Zant (N.C. Bar No. 21280)
Andrew L. Rodenbough (N.C. Bar No. 46364)
Kasi W. Robinson (N.C. Bar No. 52439)
BROOKS PIERCE MCLENDON
HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3132
Fax: (336) 232-9132
jvanzant@brookspierce.com
arodenbough@brookspierce.com
krobinson@brookspierce.com

***Attorneys for Defendant AQ Textiles, LLC***

8

Case 1:19-cv-00983-LCB-JLW   Document 50   Filed 07/14/22   Page 8 of 10

Charles Schaffer*
LEVIN SEDRAN & BERMAN
510 Walnut St, Suite 500
Philadelphia, PA 19106
Telephone: (877) 882-1011
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

Stuart Cochran*
COCHRAN LAW PLLC
8140 Walnut Hill Lane, Suite 250
Dallas, TX 75231
Phone: (469) 333-3405
Fax: (469) 333-3406
stuart@scochranlaw.com

Drew Legando
Merriman Law, LLC
1360 W 9th Street, Suite 200
Cleveland, Ohio 44113
Telephone: (216) 820-9058
drew@merrimanlegal.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing, Rule 26(f) Report of the Parties, has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the CM/ECF participants on this 14th day of July, 2022.

*/s/* Kasi W. Robinson
Kasi W. Robinson